

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2006

# Rashid v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2234

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Rashid v. USA" (2006). *2006 Decisions.* Paper 241.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/241

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2234
_____

AMIN A. RASHID

Appellant

V.

UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-05850)
District Judge: Honorable Mary A. McLaughlin
_____

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2006

BEFORE: FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>

(Filed:   November 6, 2006)

_____

OPINION
_____

PER CURIAM

Amin Rashid appeals the dismissal of his complaint by the District Court for the

Eastern District of Pennsylvania.

I.

Rashid was convicted in 1993 of numerous counts of wire fraud, mail fraud and money laundering. The District Court issued a preliminary order of forfeiture of certain real property pursuant to 18 U.S.C. § 982(a)(1). In 1997, the District Court issued a final order of forfeiture,[1] and Rashid appealed. This Court dismissed the appeal, finding that the preliminary order of forfeiture constituted a final order as to Rashid and that he lacked standing to challenge the final order. United States v. Rashid, C.A. No. 97-1421. Rashid has since unsuccessfully challenged the forfeiture numerous times and by way of various motions. See, e.g., United States v. Rashid, C.A. No. 01-2770.

In 2005, Rashid again challenged the forfeiture; this time by filing a quiet title action in the District Court pursuant to 28 U.S.C. § 2409a(a). Appendix 9a. Upon motion by the United States, the District Court dismissed the complaint as barred by the doctrine of collateral estoppel. Appendix 6a-7a. The District Court denied Rashid's motion for reconsideration.

II.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm on a ground other than that relied on by the District Court. Narin v. Lower Merion School Dist., 206 F.3d 323, 333 n.8 (3d Cir. 2000).

A lawsuit must be dismissed if a judgment in the plaintiff's favor would

---

[1] A final order of forfeiture is issued after resolution of any third-party claims. See 21 U.S.C. § 853(n).

necessarily imply the invalidity of an outstanding criminal judgment. <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994). Rashid challenges the validity of the forfeiture order and seeks damages and declaratory relief. Appendix at 9a-14a. As we recognized in Rashid's prior appeal, the order of criminal forfeiture is part of Rashid's sentence. <u>See</u> 18 U.S.C. § 982(a)(1); <u>Libretti v. United States</u>, 516 U.S. 29, 38-39 (1995) ("[f]orfeiture is an element of the sentence imposed following conviction"). Consequently, a judgment in Rashid's favor would necessarily imply the invalidity of his sentence. Accordingly, we will affirm the District Court's dismissal of the action.[2]

---

[2] Rashid's reliance on the view that this Court has yet to reach the merits of the forfeiture order is misplaced. Rashid's failure to properly appeal the preliminary forfeiture order (which was final as to him), does not allow him to pursue an otherwise impermissible cause of action.